Per Curiam.
The action is to set aside, a judgment of foreclosure of a mortgage made by the plaintiff upon land then belonging to him, and to allow the plaintiff to redeem, on payment of the principal and interest of the mortgage and of other proper charges. The alleged ground of the action is, that the mortgage was made to the present defendants as executors ; that they assigned it to themselves as trustees, and that nevertheless, they, as executors, began the action of foreclosure, and procured judg *412 ment in it. The conclusion assumed to come from these facts is, that the defendants having no interest in the mortgage, the same has never been extinguished. The complaint shows that the plaintiff was a party to the foreclosure action. He is therefore bound by the adjudication that the defendants, as executors, were the real parties in interest, or in other words, the owners of the mortgage. If the defendants were to bring another action on the bond or mortgage as trustees, they would be equally estopped, because as trustees or executors, they represented the same interest. As executors, they had a duty or trust to assign the mortgage to the trustees. This duty as executors concerned the same persons as did their trust as trustees. The same considerations pertain to the judgment of deficiency obtained against the plaintiff. Of this, it must be said, that if the plaintiff’s main proposition be correct, then, as to this, he should have sued the defendants as executors. There is no allegation that this judgment for deficiency was transferred to the defendants as trustees.
The complaint does not make a case for setting aside the sale in the foreclosure proceedings specifically. If it did, as judgment to that effect is not demanded in the complaint, the complaint could not be sustained in this respect on demurrer. The demurrer raises the question as to whether the plaintiff is entitled to the judgment demanded; for there being no answer, the plaintiff could by law have no other judgment than the one demanded (Code Civil Procedure, § 1207).
Judgment affirmed, with costs.